## W. H. Comstock, Trustee, *vs.* School Committee of Lincoln.

Under Pub. Laws R. I. cap. 447, of May 29, 1884, towns may on proper notice abolish school districts by a vote in town meeting, but a vote for this purpose cannot be taken in district meetings in towns divided into voting districts.

Appeal from the action of the school committee of the town of Lincoln, submitted by the Commissioner of Public Schools to one of the justices of the Supreme Court, under Pub. Stat. R. I. cap. 58, § 2.

*October* 19, 1891. Matteson, C. J. This is an appeal by the trustee of School District No. 11 of Lincoln from the action of the school committee of that town, hereinafter stated. The appeal raises the question of the validity of the proceedings of the town under Pub. Laws R. I. cap. 447, of May 29, 1884. If such proceedings were valid, then the action of the school committee was authorized and legal; if they were invalid, then such action was unauthorized and illegal. By cap. 447, § 1, it is provided that "any town may, at any town meeting, the subject having been duly inserted in the warrant for said meeting, abolish all the school districts therein, and forthwith all title and interest in all the schoolhouses, land, furniture, apparatus, and other property, which was vested in the several districts, shall be vested in the town."

By § 3 it is further provided "that, when a town shall abolish the school districts therein, the entire control, management, and care of all the public school interests of the town shall be vested in the school committee of that town," etc.

Prior to the first Wednesday in April, 1891, the town of Lincoln was divided into school districts, each of which owned real and personal estate for school purposes, and each of which, with its trustee, was entitled to exercise the powers and privileges conferred by law upon school districts and their trustees. The town

of Lincoln is also, and since its organization has been, divided into two voting districts; Pub. Laws R. I. cap. 899, § 50, passed March 8, 1871. The annual election of town officers is required to be held on the first Monday in June, and the annual town meeting for the purpose of ordering a town tax, school tax, and highway tax, and the transaction of such other business as may legally come before the meeting, is required to be held on the second Tuesday in June; cap. 899, § 7. In the town of Lincoln the voting for town and state officers is in the two district meetings created by said cap. 899, § 50.

At district meetings held in Lincoln on the first Wednesday in April, 1891, for the purpose of voting for state officers, the following question was voted upon by the electors of the town, pursuant to notices contained in the warrants calling the meetings, viz.: —

" Will the town of Lincoln change its present district system to that of the town system for the government of public schools?" A small majority of the electors voted " Yes " upon the question.

Since the vote, the school committee of the town have taken the custody of the schoolhouse and other district property in School District No. 11, and have employed a teacher for the school in that district. From this action of the school committee the appeal is taken.

The appellant contends that, upon the facts recited, the action of the town was ineffectual to abolish the school districts of the town under the provision of Public Laws, cap. 447, quoted above. Several objections are urged against the validity of the action of the town which are not in my opinion sufficient to render such action invalid, and which, though I have considered, I do not deem it necessary to discuss. Among the objections, however, so taken is one which seems to me fatal to the action of the town, viz., that the vote upon the question was in district meetings, and not in town meetings, as required by said cap. 447, the language being " any town may at any town meeting . . . abolish," etc.

On the part of the school committee it is urged that " district meetings " holden in towns divided into voting districts may be construed to mean " town meeting; " that district meetings afford a more convenient opportunity to vote than if there was but one place of voting in a town; that " any town meeting " referred to

in cap. 447 means any meeting or meetings in which the electors of a town may vote to express their opinions or desires; that the Constitution of the State provides .that the Governor and other general officers and Senators and Representatives to the General Assembly shall be elected at town, city, or ward meetings to be holden on the first Wednesday in April annually: Const. R. I. art. 8, § 1; that unless " district meetings " are to be considered to mean " town meeting," voting for the officers named in district meetings must be illegal; that, in all elections of such officers, for years, in many of the towns the votes have been cast in district meetings; that the Constitution provides only for town, city, or ward meetings, and hence the only way in which the votes for governor and the other officers named cast in a meeting can be held to be legal is by construing " district meetings " to be a town meeting; that, if such a liberal construction is to be given to the language of the Constitution, the same construction should be given to the words " town meeting," when used in cap. 447.

On the part of the appellant, on the other hand, it is argued that at the time of the enactment of cap. 447 the town of Lincoln, as well as several other towns, was divided into voting districts, and the statutes recognized as distinct and different town, ward, and district meetings: Pub. Stat. R. I. cap. 9, cap. 10; that a town meeting is the coming together of the people of a town, in which every elector may discuss and act upon any question legally before the meeting, while a district meeting is the coming together of the people of a certain district in a town, in which only the electors of the district may discuss and act upon questions submitted; that the electors outside of the district cannot participate, and, although they may vote in another district, yet it might happen that discussion in a meeting in which all the electors should participate might be the means of securing a vote of the town to abolish or not to abolish school districts, contrary to the result which might be attained in the same town if the discussion had been only in district meetings; that a strict construction of cap. 447, which is contended for by the appellant, will not permit " town meeting " to be read " district meetings."

The main argument of the school committee is based upon the provision of art. 8, § 1, of the Constitution, that the officers named

in it shall be elected at town, city, and ward meetings; that, inasmuch as such officers have been voted for in district meetings in towns divided into voting districts, the validity of their election can only be sustained by treating district meetings as equivalent to town meeting. The argument is plausible rather than valid. It proceeds upon the idea that there is no other provision of the Constitution with reference to the subject of elections. Art. 2, § 6, however, gives to the General Assembly power to prescribe the manner of conducting elections, and under this provision the General Assembly has from time to time divided towns into voting districts. It is under this provision, and the action of the General Assembly by virtue of it, dividing towns into voting districts for the purposes of elections, that the validity of elections in towns divided into voting districts is sustainable. Were it not for this provision, elections of the officers named in art. 8, § 1, of the Constitution in district meetings instead of town meetings would be invalid, because in violation of that article. *In Re The Narragansett Election,* 16 R. I. 761. The argument, therefore, fails, since it is not by construing district meetings to be equivalent to town meetings that the validity of the election of the officers named in said art. 8, § 1, is sustained, but by virtue of the provision of said art. 2, § 6, and the action of the General Assembly under it.

The argument that district meetings afford a more convenient opportunity to vote than as if there was but one place of voting, though entitled to consideration, can scarcely be regarded as controlling. It is a sufficient answer that, if the General Assembly had deemed the mere convenience of voting a paramount consideration, it would have provided in express terms for voting in district meetings upon the question, rather than have left it a matter of doubtful construction.

It is not improbable that it was intended by the General Assembly that the power of towns to act upon the important question of abolishing school districts, and thereby changing the management of their school affairs, should be limited to town meetings, where there could be the fullest and freest interchange of opinion on the part of the citizens concerning the considerations involved, so that the voter might be enabled to cast his ballot intelligently. But

whether this was the intention or not, or whether the authority to vote upon the question in towns divided into voting districts in district meetings was inadvertently omitted, I am of the opinion that, in the absence of authority conferred by statute, a town divided into voting districts cannot legally vote upon the question of abolishing its school districts in district meetings.

I therefore decide that the action of the town of Lincoln in its district meetings held on the first Wednesday in April, 1891, was invalid and ineffectual to abolish the school districts in that town, and consequently that the action of the school committee of that town complained of was unauthorized and illegal. The appeal is, therefore, sustained.